IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES M. LOVELACE,

    Plaintiff,

    v.

AURORA LOAN SERVICES, LLC,

    Defendant.
_____/

No. C 11-01936 DMR

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO SET ASIDE DEFAULT**

    Before the Court is Defendant Aurora Loan Services, LLC's Motion to Dismiss Plaintiff's Complaint and Motion to Set Aside Default Entered Against Defendant. [Docket Nos. 5, 9.] For the following reasons, the Court GRANTS Defendant's motions.

**I.    Background**

    On March 10, 2011, pro se Plaintiff Charles M. Lovelace filed suit in Alameda County Superior Court against Defendant Aurora Loan Services, LLC ("Aurora") alleging fraud and misconduct regarding the 2007 foreclosure sale of a certain residential property ("the property"). Aurora removed the case to federal court on April 21, 2011.

    Plaintiff had asserted similar claims against Aurora in a prior lawsuit, *Lovelace v. Aurora Loan Services, LLC,* C-10-3772 WHA, before the Honorable William H. Alsup. In that action, Plaintiff filed suit in Alameda County Superior Court, asserting two causes of action related to the foreclosure and sale of the property at issue in this case: 1) an action to quiet title and 2) a request to

set aside the sale of the property.  Aurora removed the case to federal court, and shortly thereafter filed a motion to dismiss.  Judge Alsup granted Defendant's motion to dismiss, but gave Plaintiff thirty days to file a motion for leave to file an amended complaint.  Plaintiff failed to file a motion for leave to file an amended complaint, and on January 27, 2011, the court dismissed the case. *Lovelace v. Aurora Loan Services, LLC*, No. C-10-3772 WHA (Order of Dismissal, Jan. 27, 2011 [Docket No. 34].).  In the present motion to dismiss, Defendant Aurora argues that this case is barred by the doctrine of res judicata.  Defendant also identifies a number of alleged deficiencies in Lovelace's complaint as alternate grounds for dismissal.

The Alameda County Superior Court entered a default in this action on April 25, 2011, four days after Defendant had removed the case to federal court.  Defendant also now moves to set aside the default entered by the state court.

**II.    Discussion**

    **A.    Motion to Dismiss**

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *See Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation omitted).  The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits in the first action, and (3) identity or privity between the parties. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)) (quotation marks omitted).

With respect to the first requirement, the Ninth Circuit applies four criteria in determining whether or not there is an identity of claims between successive lawsuits for purposes of res judicata:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  The court need not examine or find all four factors.  *See id.* at 1202 ("[n]o single criterion can decide every res judicata question; identity of causes of action cannot be determined precisely by mechanistic application of a simple test.").  In some cases, res judicata can be applied solely on the grounds that the claims arise out of the same transaction.  *See Int'l Union of Operating Eng'rs Tr. Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) (stating that the transactional nucleus criterion is often "outcome determinative").

Here, all of Plaintiff's causes of action arise out of the same transactional nucleus of facts as his first lawsuit, as they are based on allegations relating to the foreclosure and sale of the property at issue.  Plaintiff's meandering complaint, which stretches to 99 pages, does not articulate any specific causes of action; however, the discussion in the complaint generally centers on allegations of fraud and misconduct surrounding the foreclosure after Plaintiff defaulted on the loan secured by the property.  Plaintiff provided some clarification of his causes of action in his opposition to the current motion, stating his causes of action as 1) an action to quiet title and 2) a request to set aside the Trustee's sale of the property.  These claims directly echo the claims he asserted in his earlier suit.  Plaintiff also filed a separate submission titled "Cause of Acton [sic] to Complaint" [Docket No. 14], in which he identifies various additional causes of action against Defendant Aurora.  All are related to the alleged "unlawful[] foreclose[ure]" of Plaintiff's property.[1]  In addition, the two suits involve infringement of the same right, Plaintiff's alleged wrongful loss of his property due to the foreclosure.  Finally, all of Plaintiff's claims involve substantially the same evidence and could have been tried together, as Plaintiff seeks to set aside the sale of the property based upon alleged misconduct related to the foreclosure.  Therefore, the identity of claims requirement for the doctrine of res judicata is satisfied here.

---

[1] On June 10, 2011, Plaintiff filed a document titled "Motion to Amend, Plaintiff's Motion to Enter a New and/or 1st Amended Cause of Action for this Court's and all Parties' Clarification." [Docket No. 20.]  This submission repeats the causes of action to quiet title and to set aside the sale of the property that Plaintiff asserted in his first suit, as well as a number of additional causes of action related to the foreclosure of the property.  As the Court concludes that the present action is barred by the doctrine of res judicata, Plaintiff's motion to amend the complaint is DENIED as moot.  However, it should be noted that all of Plaintiff's additional causes of action would have been barred by res judicata as well, since they arise out of the same transactional nucleus of facts.

3

With respect to the second requirement, the previous case resulted in a final adjudication on the merits. An involuntary dismissal for failure to comply with a court order, unless otherwise stated, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). In his order dismissing the previous case, Judge Alsup noted that the court had explicitly warned Lovelace about the dismissal, and did not state that the dismissal was without prejudice. Under the Federal Rules, this dismissal is "by default" an adjudication on the merits. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006); *Moore v. Wilson*, No. 06-4813, 2006 WL 2784702, at *1 (N.D. Cal. Sept. 26, 2006); *see also La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1275 (2nd Cir. 1974) (noting that under normal circumstances, there is "no alternative" to holding that a 41(b) dismissal has a res judicata effect).

Finally, the parties are identical in the two suits, satisfying the third and final requirement for application of res judicata. Accordingly, the instant action is barred under the doctrine of res judicata. Defendants' motion to dismiss is GRANTED, and the instant action is DISMISSED with prejudice.

## II.    Defendant's Motion to Set Aside Default

With respect to Defendant's motion to set aside the default entered by the state court in this action,[2] Defendant argues that good cause exists because at the time the state court entered a default, it apparently had not yet received Defendant's notice regarding removal and therefore must have assumed Aurora had not responded in a timely manner.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In the Ninth Circuit, a court considers three factors in determining whether there is good cause: (1) whether the defaulting party engaged in culpable conduct that led to default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default would prejudice the nondefaulting party. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). A district court is free to deny a motion to set aside a default if any of the three factors are true. *See id*. at 926 (emphasizing

---

[2]   Plaintiff did not file an opposition to the motion to set aside the default.

4

that the factors are disjunctive).  With respect to the first factor, a defendant's conduct is culpable, as opposed to excusable, only where there is an intentional failure to answer.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001).

Here, good cause exists to set aside the Clerk's entry of default.  Defendant did not engage in culpable conduct; instead, the entry of default by the state court may most aptly be described as "inadvertent."  *See Murray v. Ford Motor Co.*, 770 F.2d 461, 464-65 (5th Cir. 1985) (affirming trial court's order setting aside default judgment where judgment entered by state court before it had received notice of removal).  Plaintiff filed this action in Alameda County Superior Court on March 10, 2011.  (Notice of Removal [Docket No. 1] Ex. 1.)  The proof of service filed by Plaintiff shows Defendant was served with the complaint on March 22, 2011.  *Id*.  Defendant removed the action to federal court on April 21, 2011, which was within 30 days of service of the complaint and therefore timely pursuant to 28 U.S.C. § 1446.  *Id*.  On April 25, 2011, the state court entered default at Plaintiff's request, apparently having not yet received notice of the removal.  [Docket No. 25.]  Defendant has presented the meritorious defense of res judicata (see discussion *supra*), and the Court can discern no prejudice to Plaintiff Lovelace by setting aside the default.  Therefore, Defendant's motion to set aside the default entered by the state court is hereby GRANTED.

**III.   Conclusion**

For the foregoing reasons, Defendant's motions to dismiss Plaintiff's complaint and to set aside the default are GRANTED.  The clerk is directed to close the file.

IT IS SO ORDERED.

Dated: July 14, 2011



DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

5